# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LEE WILSON,<br><br>    Plaintiff,<br><br>    v.<br><br>OLA, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:12-cv-00751-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>Doc. 1<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On April 25, 2012, Plaintiff Melvin Lee Wilson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging failure to prescribe a higher dosage of time release morphine from February 2012 through April 2012. Compl. at 3-4, Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2     A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

    While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

    Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at 678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

**II. Plaintiff's Complaint**

    In Plaintiff's complaint, he names Dr. Ola, CMO-Igbinoza, and Warden Brazelton, who were employed at Pleasant Valley State Prison ("PVSP"). Compl. at 1-2, Doc. 1. Plaintiff also names the California Department of Corrections and Rehabilitation ("CDCR") and the Attorney General for

the State of California. *Id.*

In Plaintiff's complaint, he alleges claims originating from February 2012 to April 2012, and fails to attach page two (2) of the standard complaint form, which questions whether he exhausted his administrative remedies prior to the filing of the complaint. *See id.* at 1-2, 4, Doc. 1.[1]

Plaintiff states he has a number of serious health problems. *Id.* at 3. He is a sixty year old male with two previous heart attacks, congestive heart failure, a stroke on the left side that will require left hip replacement, degenerative disc disease, and peyronie's disease. *Id.* Plaintiff's lower torso is constantly in pain. *Id.* At the beginning of February 2012, Plaintiff was seen by Dr. Ola. *Id.* Plaintiff explained to Dr. Ola that prior to being in custody, he took a muscle relaxer and vicodin, which relieved his pain and allowed him to walk only with a cane. *Id.* Now Plaintiff can barely walk, even with the aid of a walker. *Id.* Plaintiff repeatedly notified medical of the seriousness and severity of his pain. *Id.* At one point, Plaintiff broke down, cried, and begged Dr. Ola to show some compassion. *Id.* Dr. Ola prescribed tylenol with codeine even though Plaintiff made Dr. Ola aware that he does not tolerate codeine. *Id.* It causes Plaintiff to vomit. *Id.* At one point, Plaintiff lost eight pounds in one week. *Id.* Dr. Ola then finally changed his prescription to 15mg morphine instant release. *Id.* Plaintiff explained that he needs time release and a higher dosage to cope with his multiple health issues. *Id.* Then with no explanation, Dr. Ola stopped his morphine and put him back on tylenol, which he has problems tolerating. *Id.* at 3-4. Dr. Ola is fully aware of this. *Id.* at 4. Dr. Ola has failed to treat and has shown deliberate indifference to Plaintiff's many requests for treatment. *Id.* Plaintiff has made Dr. Ola aware of the problem from February 2012 to April 2012.

---

[1] It appears that Plaintiff may not have properly exhausted his claims prior to initiating this action. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules," *id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by the defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b). *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Therefore, whether Plaintiff properly exhausted his claims is not currently before this Court.

*Id.* Due to the cruel indifference to Plaintiff's pain, he was unable to do cardio exercises recommended by his cardiologist. *Id.* This places Plaintiff's cardio health at risk. *Id.* Dr. Ola failed to address Plaintiff's pain in a meaningful way; has repeatedly ignored Plaintiff's requests for help; and showed deliberate indifference and subjected Plaintiff to cruel and unusual punishment. *Id.* Dr. Ola began retaliating against Plaintiff when Dr. Ola became aware of the pending legal action and threatened to discontinue all of Plaintiff's pain medication if he proceeded. *Id.* Witnesses can verify this. *Id.* Plaintiff may be in error on this point due to his limited access to information, but Plaintiff cannot find evidence of him being a licensed physician in California. *Id.* Dr. Ola and the CDCR conspiring to deceive patients by holding Dr. Ola out to be doctor and committing blatant fraud. *Id.* at 5.

For relief, Plaintiff seeks a complete investigation into Dr. Ola's treatment and conduct toward Plaintiff by a medical licensing agency; one million dollars ($1,000,000) in damages; and medical treatment by an outside doctor or arbitration of his medical needs. *Id.* at 2.

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. Eighth Amendment Deliberate Indifference to Serious Medical Need and Supervisory Liability and Linkage

##### 1. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d

1   at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or
2   intentionally interfere with medical treatment, or it may be shown by the way in which prison
3   physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay
4   in receiving medical treatment, the delay must have led to further harm in order for the prisoner to
5   make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely
6   v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

7   Under § 1983, Plaintiff must link the named defendants to the participation in the violation
8   at issue. *Iqbal*, 556 U.S. at 678-79; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th
9   Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on
10  supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676; *Ewing*, 588
11  F.3d at 1235, and administrators may only be held liable if they "participated in or directed the
12  violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040,
13  1045 (9th Cir. 1989); *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II
14  v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*,
15  126 F.3d 1189, 1204 (9th Cir. 1997).

16  Plaintiff may not seek to impose liability on defendants merely upon position of authority,
17  based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a
18  plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health.
19  Medical malpractice does not become a constitutional violation merely because the victim is a
20  prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of
21  neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614,
22  617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

**2. Analysis**

24  Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges Dr. Ola failed
25  to prescribe a higher dosage of time release morphine. Compl. at 3, Doc. 1. However, Plaintiff's
26  complaint demonstrates that Dr. Ola was not indifferent to Plaintiff's complaints but evaluated
27  Plaintiff and treated him according to medical necessity. Plaintiff states he is a sixty year old male
28  with two previous heart attacks, congestive heart failure, a stroke on the left side that will require left

1  hip replacement, degenerative disc disease, and peyronie's disease. *Id.* Plaintiff's lower torso is
2  constantly in pain. *Id.* At the beginning of February 2012, Plaintiff was seen by Dr. Ola. *Id.* Plaintiff
3  explained to Dr. Ola that prior to being in custody, he took a muscle relaxer and vicodin, which
4  relieved his pain and allowed him to walk only with a cane. *Id.* Now Plaintiff can barely walk, even
5  with the aid of a walker. *Id.* Plaintiff repeatedly notified medical of the seriousness and severity of
6  his pain. *Id.* At one point, Plaintiff broke down, cried, and begged Dr. Ola to show some compassion.
7  *Id.* Dr. Ola prescribed tylenol with codeine even though Plaintiff made Dr. Ola aware that he does
8  not tolerate codeine. *Id.* It causes Plaintiff to vomit. *Id.* At one point, Plaintiff lost eight pounds in
9  one week. *Id.* Dr. Ola then finally changed his prescription to 15mg morphine instant release. *Id.*
10 Plaintiff explained that he needs time release and a higher dosage to cope with his multiple health
11 issues. *Id.* Then with no explanation, Dr. Ola stopped his morphine and put him back on tylenol,
12 which he has problems tolerating. *Id.* at 3-4.

13        Neither an inadvertent failure to provide adequate medical care, nor mere negligence or
14 medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper
15 treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v.*
16 *Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404,
17 407 (9th Cir. 1984). Moreover, <u>the Constitution does not require that prison doctors give inmates
18 every medical treatment they desire</u>. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977)
19 (emphasis added). To establish a constitutional right to treatment under the Eighth Amendment, an
20 inmate must show that a physician or other health care provider exercising ordinary skill and care
21 at the time of observation would conclude with reasonable medical certainty that: (1) the prisoner's
22 symptoms evidenced a serious disease or injury; (2) the disease or injury was curable or could be
23 substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial
24 of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence,
25 mistake or <u>difference of opinion</u>." *Id.* at 48; *see also Sanchez*, 891 F.2d at 242 (emphasis added).
26        Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See*
27 *Farmer*, 511 U.S. at 835-36 & n.4; *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state
28 claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of

the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Plaintiff alleges that Dr. Ola failed to provide him with a higher dosage of time release morphine. Plaintiff is not permitted to dictate his medical treatment. *Bowring*, 551 F.2d at 47-48. As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Plaintiff names CMO-Igbinoza and the Attorney General for the State of California but makes no allegations against these defendants. Plaintiff must link the named defendants to the participation in the violation at issue pursuant to *Iqbal*, 556 U.S. at 678-79; *Simmons*, 609 F.3d at 1020-21; *Ewing*, 588 F.3d at 1235; and *Jones*, 297 F.3d at 934.

Plaintiff names defendant Warden Brazelton. Plaintiff's allegations are insufficient to hold a defendant liable based on a position of authority as Plaintiff has not alleged any facts linking the defendant to acts or omissions, which suggest that the defendant participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 556 U.S. at 676; *Ewing*, 588 F.3d at 1235. Plaintiff fails to state a cognizable claim for relief under § 1983 against Warden Brazelton, based upon supervisory liability.

Thus, even with liberal construction, Plaintiff's complaint does not allege deliberate indifference to a medical need because neither mere negligence or medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06 (emphasis added); *Sanchez*, 891 F.2d at 242; *Shapley*, 766 F.2d at 407. Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring*, 551 F.2d at 47-48. The complaint will be

dismissed for failure to state a claim upon which relief may be granted.

**B. First Amendment Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). The adverse action need not be an independent constitutional violation. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere threat of harm can be an adverse action . . ." *Brodheim*, 584 F.3d at 1270. Plaintiff must allege a causal connection between the adverse action and the protected conduct. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

Plaintiff makes the vague allegation that Dr. Ola began retaliating against Plaintiff when Dr. Ola became aware of the pending legal action and threatened to discontinue all of Plaintiff's pain medication if he proceeded. Plaintiff does not provide any more specific allegations as to what actually transpired. Plaintiff complains that Dr. Ola provided Tylenol instead of morphine, but Plaintiff points to no current ailments warranting a particular pain medication. Thus, discontinuing Plaintiff's pain medication would meet a penological goal.

Plaintiff fails to address each of the five (5) elements of a claim for retaliation. The complaint lacks specific factual allegations connecting Dr. Ola to the conduct described. The allegations do not make clear what, when, where, why, and how Dr. Ola retaliated against Plaintiff. Plaintiff's conclusory allegations as Dr. Ola are insufficient to state a claim. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon First Amendment retaliation. The Court will give Plaintiff to leave to amend. In his amended complaint, Plaintiff should clearly state all factual allegations regarding his claims of retaliation.

### C. Eleventh Amendment Immunity

In Plaintiff's complaint, he names the California Department of Corrections and Rehabilitation ("CDCR"). As a state agency, the CDCR is entitled to Eleventh Amendment immunity from suit. *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, the California Department of Corrections and Rehabilitation is an improper defendant in this action and entitled to dismissal. Accordingly, Plaintiff fails to state a cognizable claim for relief under § 1983 against the California Department of Corrections and Rehabilitation.

### IV. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

//
//
//
//
//
//
//
//

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 17, 2012                                   _____
                                                                                                UNITED STATES MAGISTRATE JUDGE