# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LEE WILSON,<br><br>        Plaintiff,<br><br>   vs.<br><br>OLA, et al.,<br><br>        Defendants. | 1:12cv00751 DLB PC<br><br>ORDER DISMISSING ACTION WITH PREJUDICE |

Plaintiff Melvin Lee Wilson ("Plaintiff") is a prisoner proceeding pro se in this civil rights action filed on April 25, 2012.[1]  On December 17, 2012, the Court dismissed the complaint with leave to amend and ordered Plaintiff to file an amended complaint within thirty (30) days. Plaintiff failed to file an amended complaint and on February 11, 2013, the Court issued an order to show cause why the action should not be dismissed for failure to follow a court order. Plaintiff was ordered to file a response within thirty (30) days.  Over thirty (30) days have passed and Plaintiff has not filed a response or otherwise communicated with the Court.

## DISCUSSION

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and

---

[1] On May 15, 2012, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

1

all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case has been pending since April 25, 2012, but there is no operative complaint and Plaintiff has not responded to the prior two orders.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's February 11, 2013, Order to Show Cause expressly stated:  "The failure to comply with this order will result in dismissal of this action."  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

### **ORDER**

For these reasons, IT IS HEREBY ORDERED that this action IS DISMISSED WITH PREJUDICE.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **April 2, 2013**                             /s/ *Dennis L. Beck*
                                                                UNITED STATES MAGISTRATE JUDGE